**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

**KRISTEN DURHAM**                                          **CIVIL ACTION**

                                                                        **JUDGE:**

**VERSUS**

**THE FRANCIS SOUTHERN TABLE & BAR, LLC**
                                                               **MAGISTRATE:**

                                                               **JURY TRIAL REQUESTED**

************************************************************************

## TABLE OF CONTENTS

|  | **Page** |
|---|---|
| NATURE OF ACTION | 2 |
| PARTIES | 2 |
| JURISDICTION OF VENUE | 3 |
| FACTUAL ALLEGATIONS | 3 |
| STATEMENT FOR RELIEF | 7 |
| CAUSE OF ACTION | 9 |
| PRAYER FOR RELIEF | 12 |

## COMPLAINT

Now comes unto court, Plaintiff, Kristen Durham-Kirkland through undersigned counsel, JP Gorham, for her complaint against THE FRANCIS SOUTHERN TABLE & BAR, LLC who alleges as follows:

## NATURE OF ACTION

This action arises under the United States Constitution. Specifically the action arises under the Americans with Disabilities Act of 1990, 42 U.S.C. §12101 et. seq., Title I of the Americans with Disabilities Act of 1990, 42 U.S.C. 12111, et seq. and 42 U.S.C. 12112, under Title V of the Americans with Disabilities Act of 1990, *Retaliation* 42 U.S.C. §12203(a), et seq. and *Interference* 42 U.S.C. §12203(b), et seq.; in addition to several state law causes of action.

This action also arises in violation of the Louisiana State Constitution, specifically Article 1:12 and under the Louisiana Employment Discrimination Law pursuant to Louisiana Revised Statute *23:323 et seq.* and Louisiana Revised Statute 23:967.

Additionally, the action is brought under the general tort principles set forth in the Louisiana Civil Code, including without limitation, Articles 2315 and 2320 and common law tort principles adopted by Louisiana Courts.

1. Defendant's actionable conduct results from an action of disability discrimination in violation of the Americans with Disabilities Act of 1990 and the retaliatory and intimidating actions resulting there from.

## PARTIES

2. The **PLAINTIFF, Kristen Durham-Kirkland,** is and was at all times, a resident of the United States and was at the time of all allegations set forth herein, a resident of Hattiesburg, Mississippi and a resident of the County of Forrest, in the State of Louisiana. All actions committed against the plaintiff were conducted in Saint Francisville, LOUISIANA.

3. The **DEFENDANT, THE FRANCIS SOUTHERN TABLE & BAR, LLC,** is a Louisiana Limited Liability Company, with its principal place of business in the State of Louisiana and domiciled in Saint Francisville, Louisiana and doing business in the State of Louisiana.

## JURISDICTION AND VENUE

4. Jurisdiction of this matter is based upon diversity jurisdiction under 28 U.S. Code § 1332 because this dispute is between parties of different states.

5. Jurisdiction is also based upon federal question under 28 U.S. Code § 1331 because this action has arisen under the laws of the United States pursuant to 42 U.S.C. §12101 et. seq., 42 U.S.C. 12111, U.S.C. §12203(a), et seq., 42 U.S.C. §12203(b), et seq. and Title I and V of the Americans with Disabilities Act of 1990 and the matter in controversy, exclusive of interest and cost exceed the sum of $75,000.

6. Supplemental jurisdiction is conferred upon this court over the state law claims pursuant to 28 U.S.C.§ 1367(a).

7. Jurisdiction and venue are proper considering that the incident which is the subject of this complaint occurred within this judicial district. Specifically, all acts and omissions, against Plaintiff Kristen Dirham-Kirkland were committed by the Defendant complained of herein, in Saint Francisville, Louisiana.

8. Said and named Defendants are justly and truly indebted to the Plaintiff, Kristen Dirham-Kirkland.

## FACTUAL ALLEGATIONS

11. Ms. Durham commenced her employment at The Francis Southern Table & Bar as an Executive Chef in July 2022.

12. Since July 2022, she has encountered numerous incidents of harassment and discrimination based on her disability during her tenure at the restaurant.

3

13. Despite diligent reporting of these incidents to management, no appropriate action has been taken to address the ongoing harassment, resulting in a hostile work environment.

14. The harassment began as verbal but escalated to physical abuse, causing significant mental, emotional, and physical distress to Ms. Durham.

15. Dates of incidents, including October 18, 2022, December 09, 2022, December 20, 2022, December 26, 2022, January 12, 2023, January 14, 2023, and January 15, 2023, have been meticulously documented and reported to management, including Mr. Buff and Mr. Jackson.

16. One particular incident involved a co-worker deliberately bumping into Ms. Durham, multiple times, which resulted in her being pushed into a stainless steel table and experiencing severe pain in her already injured back.

17. Another occurrence entailed the same employee intentionally bumping into Ms. Durham, leading her to collide with the salad station and experience extreme discomfort in her back.

18. A third incident occurred close to when Ms. Durham was preparing to go on medical leave for surgery. During a busy shift, Ms. Durham was not permitted to sit down, causing her to endure pain and resulting in extreme numbness in her leg.

19. On multiple occasions, Ms. Durham's back pain became so severe that she had to leave work and visit the emergency room. Despite this, she was required to return to work on the same day of her visits to the emergency room.

20. The employee knowingly engaged in this behavior and was aware of Ms. Durham's back condition. Despite this awareness, the employee neither apologized nor faced any disciplinary action.

21. Despite Ms. Durham's attempts to address the situation directly with management, the harassment persisted, creating an unbearable work environment for Ms. Durham.

22. Specifically, Ms. Durham has been subjected to verbal abuse, harassment, and physical assaults by a co-worker named Dino, which have significantly impacted her ability to perform her job duties.

23. Additionally, Ms. Durham has been belittled and undermined in front of her colleagues, based on her disability and professional qualifications as a chef. The toxic environment created by Dino's actions has made it nearly impossible for Ms. Durham to fulfill her duties without fear of further harassment.

24. Concurrently, in the same month of her hiring, Ms. Durham sought medical attention from her primary care physician, Dr. Rebecca Foster, for back pain concerns.

25. Following an MRI, she was referred to Dr. Robert Stanger at Neuromedical Center of Louisiana in Baton Rouge for further evaluation and treatment in August. From August to December 2022, Ms. Durham underwent treatment under the care of Dr. Stanger and Dr. Trahan for pain management, including physical therapy, pre-operative injections, and prescription medication taken nightly for rest.

26. Despite undergoing treatment, Ms. Durham continued her daily and nightly work job responsibilities during this period, as she was dedicated to her job and financially dependent on maintaining employment.

27. She maintained frequent communication with management, Jason Jackson, as well as the head manager, providing updates on appointments, treatments, and medical recommendations.

28. In December 2022, during her final pre-operative appointment with Dr. Stanger, it was determined that none of the treatments had been effective, and a spinal fusion surgery was deemed necessary.

29. Thus, Ms. Durham's surgery was scheduled for March 3, 2023, and she duly notified her employer of her impending medical leave, which was approved by Mr. Jackson. Acting on Mr. Jackson's suggestion, Ms. Durham commenced her medical leave a few days before her scheduled surgery date.

30. Following her surgery on March 3, 2023, Ms. Durham spent two days in the hospital before being discharged home, where she was confined to bed rest for a month to facilitate her recovery. Throughout this period, she strictly adhered to her doctor's instructions, understanding the gravity of the surgery and the importance of allowing sufficient time for healing. Ms. Durham was under the continuous care of her medical team, with monthly check-ups to monitor her progress and gradually lift her restrictions.

31. However, after the third month post-operation, Ms. Durham experienced a resurgence of severe pain. Upon consulting her doctor, she was advised to resume full restrictions and refrain from returning to work in the kitchen. Ms. Durham promptly informed the Defendant of her doctor's directive, only to receive assurances of support for her recovery and a promise of a return to work once she was cleared by her doctor.

32. Nevertheless, Ms. Durham later discovered that she had been terminated from the Defendant's system while still under medical care.

33. In May 2023, during her attempt to file for Long-Term Disability, Ms. Durham was informed by the HR representative, Abby Hamilton, of her termination status in the Defendant's system. Despite her clarification of her ongoing medical leave status, Ms.

Durham's attempted to reach Mr. Jackson, the owner, for clarification on her termination and resolution went unanswered.

34. Subsequently, in June 2023, Abby Hamilton informed Ms. Durham of the cancellation of her health insurance and life insurance policies due to her termination status.

35. Consequently, Ms. Durham has experienced retaliation for reporting the harassment while on medical leave following her spinal fusion surgery. Despite receiving approval for medical leave, Ms. Durham was terminated by the Defendant while still under doctor's ordered medical leave.

36. Ms. Durham's wrongful termination jeopardized her access to health insurance and necessary medical treatment.

37. Efforts to rectify the termination status and reinstate Ms. Durham's employment have been met with silence from Mr. Jackson, exacerbating her distress and financial hardship.

38. Additionally, Ms. Durham's attempts to provide requested medical documentation for her return to work have been disregarded, leading to the cancellation of her health insurance and life insurance policies in June 2023.

39. Despite ongoing pain and medical needs, Ms. Durham has been deprived of access to healthcare due to the termination while on medical leave, further exacerbating her suffering. These actions constitute disability discrimination and retaliation in violation of the incorporated federal law, and Ms. Durham seeks redress for the harm caused by the Defendant's unlawful conduct.

40. As a result of these actions, Ms. Durham continues to experience physical pain and discomfort, relying on a back brace and pain medication for relief. Moreover, the termination of her health insurance coverage has further impeded her ability to seek necessary medical treatment, leaving her in a precarious and vulnerable position.

41. All exhaustive remedies have been satisfied as they relate to the allegations in this complaint. Specifically, Ms. Durham timely filed a complaint with the EEOC asserting all claims alleged herein on November 25, 2023.

42. A right to sue letter was sent out on or about January 23, 2023. Ms. Durham files this complaint with the delays allowed by law.

## STATEMENT OF RELIEF
## FEDERAL CLAIMS

## COUNT I

## DISABILITY DISCRIMINATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACE 42 U.S.C.§ 12101 ET. SEQ and 42 U.S.C.§ 12112.

38. The foregoing paragraphs are re-alleged and incorporated by reference as though fully set forth herein.

39. No covered entity shall discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement `or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment.

40. Defendant's conduct alleged above constitutes discrimination based on disability discrimination in violation of the Americans with Disability Act of 1990. **Kristen Durham-Kirkland** was treated cruelly and unfairly on the basis of **Kristen Durham-Kirkland** having a disability.

## COUNT II

## RETALIATION AGAINST KRISTEN DURHAM-KIRKLAND IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACE 42 U.S.C. § 12203(A).

38. The foregoing paragraphs are re-alleged and incorporated by reference as though fully set forth herein.

8

39. No person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by this chapter or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this chapter.

40. Defendant's conduct alleged above constitutes retaliation based on disability discrimination in violation of the ADA.

## COUNT III

### INTERFERENCE AGAINST KRISTEN DURHAM-KIRKLAND IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACE 42 U.S.C. § 12203(B).

38. The foregoing paragraphs are re-alleged and incorporated by reference as though fully set forth herein.

39. It shall be unlawful to coerce, intimidate, threaten, or interfere with any individual in the exercise or enjoyment of, or on account of his or her having exercised or enjoyed, or on account of his or her having aided or encouraged any other individual in the exercise or enjoyment of, any right granted or protected by this chapter.

40. Defendant's conduct alleged above constitutes interference and intimidation based on disability discrimination in violation of the ADA.

## CAUSES OF ACTION

## COUNT IV

### LOUISIANA EMPLOYMENT DISCRIMINATION LAW PURSUANT TO LOUISIANA R.S. 23:323 ET SEQ.)

41. The foregoing paragraphs are re-alleged and incorporated by reference as though fully set forth herein.

42. It is unlawful discrimination in employment for an employer to engage in any of

the following practices:

(1) Fail or refuse to hire, promote, or reasonably accommodate an otherwise qualified person with a disability on the basis of a disability, when it is unrelated to the individual's ability, with reasonable accommodation, to perform the duties of a particular job or position.

(2) Discharge or otherwise discriminate against an otherwise qualified person with a disability with respect to compensation or the terms, conditions, or privileges of employment on the basis of a disability when it is unrelated to the individual's ability to perform the duties of a particular job or position.

(3) Limit, segregate, or classify an otherwise qualified person with a disability in a way which deprives the individual of employment opportunities or otherwise adversely affects the status of the individual on the basis of a disability when it is unrelated to the individual's ability to perform the duties of a particular job or position.

(4) Fail or refuse to hire or to promote an otherwise qualified person with a disability on the basis of physical or mental examinations or pre-employment interviews that are not directly related to the requirements of the specific job, or which are not required of all employees or applicants.

(5) Discharge or take other discriminatory action against an otherwise qualified person with a disability on the basis of physical or mental examinations or pre-employment interviews that are not directly related to the requirements of the specific job, or are not required of all employees or applicants.

(6) Fail or refuse to hire or to promote an otherwise qualified person with a disability when adaptive devices or aids may need to be utilized to enable that individual, at the individual's own expense, to perform the specific requirements of the job.

(7) Discharge or take other discriminatory action against an otherwise qualified person with a disability when adaptive devices or aids may need to be utilized to enable that individual, at the individual's own expense, to perform the specific requirements of the job.

(8) Make or use a written or oral inquiry or form of application that elicits, or attempts to elicit, information concerning the disability of a prospective employee for discriminatory purposes contrary to the provisions or purposes of this Part.

(9) Make or keep a record of information, or disclose information, concerning the disability of a prospective employee for discriminatory purposes contrary to the provisions or purposes of this Part.

(10) Make or use a written or oral inquiry or form of application that expresses a preference, limitation, or specification based on the disability of a prospective employee for discriminatory purposes contrary to the provisions or purposes of this Part.

43. Defendants' conduct alleged above constitutes employment discrimination based on disability in violation of the **LOUISIANA R.S. 23:323 ET SEQ**.

## COUNT V

### REPRISAL FOR ENGAGING IN PROTECTED ACTIVITIES IN RETALIATION AGAINST KRISTEN DURHAM-KIRKLAND, LOUISIANA WHISTLEBLOWER LAW LA REVISED STATUTE 23:967, ET SEQ

44. The foregoing paragraphs are re-alleged and incorporated by reference as though fully set forth herein.

45. It is unlawful discrimination in employment for an employer to engage in any of the following practices:

46. An employer shall not take reprisal against an employee who in good faith, and after advising the employer of the violation of law:

(1) Discloses or threatens to disclose a workplace act or practice that is in violation of state law; or

(2) Objects to or refuses to participate in an employment act or practice that is in violation of law.

47. Defendants' conduct alleged above constitutes retaliation and reprisal, in violation of Louisiana Whistleblower Law Revised Statute 23:967, against **Kristen Durham-Kirkland**.

## COUNT VI

## INTENTIONAL INFLICTION OF EMOTION DISTRESS
## LOUISIANA CIVIL CODE ARTICLE 2315

48. The foregoing paragraphs are re-alleged and incorporated by reference as though fully set forth herein.

49. Defendant's conduct, as set forth above, has been reckless, extreme and outrageous, beyond all possible bounds of human decency, and utterly intolerable in a legal and civilized society and work environment. **Kristen Durham-Kirkland** has suffered and continues to suffer severe emotional distress as a result of Defendants' extreme, outrageous and reckless conduct, and Defendants' desired to inflict severe and deliberating emotional distress or knew that severe emotional distress would be certain or substantially certain to result from its conduct.

50. Defendant's actions have caused **Kristen Durham-Kirkland** to suffer mental and emotional distress, entitling her to compensatory damages pursuant to Title I and V of the Americans with Disabilities Act of 1990 and other discriminatory federal and state laws.

## COUNT VII

## LOUISIANA CIVIL CODE ARTICLE 2320

47. The foregoing paragraphs are re-alleged and incorporated by reference as though fully set forth herein.

48. Masters and employers are answerable for the damage occasioned by their servants and overseers, in the exercise of the functions in which they are employed.

49. The Defendant is answerable for the damages occasioned by its employees, in the exercise of the functions in which they are employed and sustained by **Kristen Durham-Kirkland**.

## DEMAND FOR PUNITIVE DAMAGES

47. Plaintiff is entitled to an award of punitive damages against Defendants' for its knowing, intentional, malicious acts, or in the alternative, for its outrageous and reckless disregard of, and indifference to, the rights of **Kristen Durham-Kirkland**.

## DEMAND FOR ATTORNEY'S FEES AND COSTS

48. **Kristen Durham-Kirkland** is entitled to an award of all costs, including reasonable attorney's fees pursuant to all statement of relief and causes of actions stated herein.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs pray that upon a trial hereof they be granted judgment against all named Defendant as follows:

A. Damages as allowed on each claim for relief and cause of action in an amount equal to their damages sustained, such amount being in excess of the current minimum required for federal court jurisdiction according to proof at the time of trial;

B. Punitive, Compensatory and exemplary damages;

C. All together with any interest, pre- and post-judgment, costs and disbursements; and attorney fees

D. Such other and further relief available under the law and this Court deems just and proper.

**FURTHER**, Plaintiff prays that the exact nature and extent of Plaintiff's damages have

yet to be calculated, and Plaintiff will seek leave of Court to amend this complaint to conform to proof at the time of trial.

**FURTHER**, Plaintiff prays that a jury trial is granted in this matter.

Respectfully,
/s/ JP Gorham
_____
JP Gorham (Bar #31746)
JP GORHAM Attorney At Law, LLC
PO Box 86928
Baton Rouge, LA 70879
225-341-5939 Office
504-957-3551 Direct
jpgorham@gorhamlawfirm.com
**Attorney for Plaintiff, Kristen Durham**