UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| KRISTEN DURHAM,<br><br>    Plaintiff,<br><br>VERSUS<br><br>THE FRANCIS SOUTHERN TABLE & BAR, LLC,<br><br>    Defendant. | NO. 3:24-CV-00319-JWD-SDJ |

**OPPOSITION TO MOTION FOR DEFAULT JUDGMENT FILED BY THE FRANCIS SOUTHERN TABLE & BAR, LLC**

On October 18, 2024, Plaintiff, Kristen Durham, ("Durham") filed a Motion for Default Judgment in this proceeding. Along with her Motion, Durham submitted a Memorandum in Support and a Proposed Order (granting the Default Judgment sought by Durham). As shown hereinbelow, Durham's Motion for Default fails to comply with Rule 55(b)(2) and must be denied.

**FACTS**

As alleged in Durham's Complaint, filed on April 22, 2024 (Record Doc. 1), Durham commenced her employment with Defendant, The Francis Southern Table & Bar, LLC ("The Francis") in July 2022 (Complaint Par. 11). Durham underwent surgery on March 3, 2023 (Complaint, Pars. 29-30), after commencing "medical leave" a few days before March 3, 2023 (Complaint, Par. 29). Durham was advised of her termination (of employment) by The Francis' HR Representative, Abby Hamilton, in May of 2023 (Complaint, Par. 33). Durham was advised in June, 2023 that her health and life insurance policies had been cancelled due to "her termination status", i.e. because she was no longer an employee (Complaint, Par. 34). According to the Complaint, Durham filed a charge of Discrimination with the EEOC "on November 25, 2023"

6024666.v1

(Complaint, Par. 41) and "a right to sue letter was sent out on January 23, 2023" (sic) (Complaint Par. 42).[1]

Nowhere in her Complaint does Durham allege that she was capable of returning to work for The Francis at any time prior to filing her Complaint (April 22, 2024). According to her Complaint, she last worked for The Francis at the end of February, 2023, and has been incapable of returning to work to her prior position, with or without reasonable accommodation, at any time thereafter.

Durham waited until April 22, 2024 to file her Complaint, the 90th day after the Right to Sue Letter was issued. She then waited almost three (3) more months before her attorney, Ms. Gorham, got around to serving the summons upon The Francis' agent for service of process, H. Michael Aaron (Record, Doc. 7). Subsequently, she waited almost six (6) weeks before filing the Proof of Service with the Court. Two days later, on August 30, 2024, Durham filed her "Motion for Entry of Default Against Defendant" (Record, Doc. 10) accompanied by a Proposed Order (Record, Doc. 10-2) for a "Judgment of Default" to be signed by Judge DeGravelles. A "Clerk's Entry of Default" was filed on August 30, 2024, but is dated June 6, 2024, which predates service upon The Francis (July 19, 2024). As previously referenced herein, Durham has now filed a Motion for Default Judgment, presently pending before the Court, which is the subject of this Opposition by Defendant, The Francis Southern Table & Bar, LLC.

## **LAW AND ARGUMENT**

Rule 55(a) of the Federal Rules of Civil Procedure require the Clerk to enter "the party's default" "when a party against whom a judgment for affirmation relief is sought has filed to plead

---

[1] The Right to Sue Letter, which required Durham to file suit within ninety (90) days, was actually issued on January 23, 2024.

- 2 -

6024666.v1

or otherwise defend, and that failure is shown by affidavit or otherwise." However, Rule 55(b) makes it very clear that the Clerk may not enter a default judgment unless "the plaintiff's claim is for a sum certain or a sum that can be made certain by computation." Such is not the case here, as is evident from the Complaint, in which Durham even went so far as to assert in her prayer that "the exact nature and extent of Plaintiff's damages have yet to be calculated, and Plaintiff will seek leave of Court to amend this Complaint to conform to proof at the time of trial." (Complaint, "Prayer for Relief" page 13-14, Record, Doc. 1). Accordingly, Rule 55(b)(2) is applicable, which provides, as follows:

> (2)    *By the Court.* In all other cases, the party must apply to the court for a default judgment. A default judgment may be entered against a minor or incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared. If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days <u>before the hearing. The Court may conduct hearings or make referrals – preserving any federal statutory right to a jury trial – when, to enter or effectuate judgment, it needs to:</u>
>
> (A)    conduct an accounting;
>
> (B)    <u>determine the amount of damages;</u>
>
> (C)    <u>establish the truth of any allegation by evidence;</u> or
>
> (D)    <u>investigate any other matter.</u>

(emphasis added).

Under Rule 55(b)(2), based upon the nature of Durham's claims (all or most of which fail to state claims upon which relief can be granted under the ADA or applicable federal and state law (as a matter of law) and/or which are time-barred by the applicable statute(s) of limitation, and because The Francis has appeared in this suit through undersigned counsel, a hearing should be held BEFORE a default judgment may be entered by the Court. As set forth in the Answer filed by The Francis, it has meritorious defenses to all of Durham's claims…its failure to timely answer

the Complaint should not be, in effect, the "philosopher's stone" converting claims of dross into golden judgment, unsupported by applicable law.

The gravamen of Durham's complaint is that The Francis was required by the ADA, or other applicable state law, to provide her with indefinite leave, continuing her employment with accompanying insurance benefits, as a "reasonable accommodation." The Americans with Disabilities Act ("ADA") and case law, however, is clear that no such obligation exhibits. The Fifth Circuit has frequently recognized that indefinite leave requests lacking a return date qualifies as an undue hardship, and an employer's refusal to grant such indefinite leave does not violate ADA standards. See <u>Rogers v. Int'l Marine Terminals</u>, 87 F.3d 755, 759-60 (5th Cir., 1996); <u>Delaval v. Ptech Drilling Tubulars, LLC</u>, 824 F.3d 476, 481 (5th Cir. 2016); <u>Reed v. Petroleum Helicopters</u>, 218 F.3d 477, 481 (5th Cir., 2000); and <u>Narayanan v. Midwestern State University</u>, 2023 WL 6621676 (5th Cir., 2023). The Court, in <u>Messenger v. Boston Scientific Corporation</u>, 2020 WL 60242 (US DC, MD La. 2020) (not reported in Federal Supplement) granted Defendant's Rule 12(b)(6) Motion to Dismiss, in a similar case, holding that an employer is "not required to provide a disabled employee with indefinite leave," citing <u>Moss v. Harris Cty. Constable Precinct One</u>, 851 F.3d 413, 418 (5th Cir. 2017).

The Francis was not required (under the ADA) to continue Durham's employment by granting indefinite leave and thereby entitle Durham to employee benefits (health insurance and life insurance) in perpetuity, and Durham's Complaint therefore fails to state a claim under the ADA or any applicable law. See <u>Cox v. Full Service Auto Parts, Inc.</u>, 2017 WL 5653872 (USDC, WD TX 2017) (Not Reported in Fed. Supp.)

Durham's allegations of "alleged harassment and discrimination based on her disability during her tenure at the restaurant" (Complaint, Pars. 12-15) are specifically alleged to have occurred on October 18, 2022, December 9, 2022, December 20, 2022, December 26, 2022,

- 4 -

January 12, 2023, January 14, 2023 and January 15, 2023 (Complaint, Par. 15). Since the Charge of Discrimination was not filed within 300 days (it was filed on November 25, 2023, as stated in Paragraph 41 of the Complaint) any claims based on these incidents and dates are time-barred. See 29 CFR§1601.13. Further, in that suit was first filed on April 22, 2024, Durham's claims, if any, under La. R.S. 23:323, et seq. related to these incidents are also prescribed/time-barred. Finally, The Francis' refusal to provide Durham with indefinite leave and/or to continue her employment benefits (insurance) violated no law or requirement, as previously addressed, and therefore cannot support a claim under La. R.S. 23:967 or La. Civil Code Articles 2315 or 2020, and there is no statutory basis for Durham's claim for punitive damages.

Under Rule 55(b)(2), the Court should conduct a hearing and take evidence on Durham's claims, before entering a default judgment against The Francis Southern Table & Bar, LLC. Durham ignores this requirement, as is obvious from her Motion, Memorandum in Support and Proposed Order.

## CONCLUSION

The Motion for Default Judgment filed by Kristen Durham should be denied.

Respectfully submitted,

TAYLOR, PORTER, BROOKS & PHILLIPS L.L.P.

By: **/s/ Thomas R. Peak**
Thomas R. Peak, Bar #14300
450 Laurel Street, 8th Floor (70801)
P.O. Box 2471
Baton Rouge, LA 70821-2471
Telephone: (225) 387-3221
Facsimile: (225) 346-8049
Email: tom.peak@taylorporter.com
***Attorney for The Francis Southern Table & Bar, LLC***

6024666.v1

## CERTIFICATE

The undersigned hereby certifies that a copy of the foregoing has been sent by United States mail, postage prepaid to the following:

JP Gorham
JP Gorham Attorney at Law, LLC
P.O. Box 86928
Baton Rouge, LA 70879

Baton Rouge, Louisiana, this 1st day of November, 2024.

/s/ Thomas R. Peak
Thomas R. Peak

6024666.v1