UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

**KRISTEN DURHAM**

         **CIVIL ACTION**

**VERSUS**

         **NO. 24-319-JWD-SDJ**

**THE FRANCIS SOUTHERN TABLE & BAR, LLC**

## RULING AND ORDER

This matter comes before the Court on the *Motion for Default Against Defendant* ("*Motion for Default Judgment*") (Doc. 15) filed by Plaintiff Kristen Durham ("Plaintiff" or "Durham"). Defendant The Francis Southern Table & Bar, LLC ("Defendant" or "Francis Southern") opposes the motion. (Doc. 18.) Oral argument is not necessary. The Court has carefully considered the law, facts in the record, and arguments and submissions of the parties and is prepared to rule. For the following reasons, Plaintiff's motion is denied, and the Clerk of Court's entry of default against Francis Southern is set aside.

### I. PROCEDURAL HISTORY

On April 22, 2024, Plaintiff filed her *Complaint*, (Doc. 1), against Francis Southern. Francis Southern was served on July 19, 2024, but Francis Southern failed to file an answer or responsive pleading by August 9, 2024. (*See* Doc. 11.) Plaintiff filed her *Motion for Entry of Default Against Defendant*, (Doc. 10), and the *Clerk's Entry of Default*, (Doc. 11), was filed on August 30, 2024. After defaulting, Defendant filed its *Answer*, (Doc. 12), on September 13, 2024. Subsequently, Plaintiff moved for a default judgment on October 18, 2024, (Doc. 15), which the Defendant now opposes, (Doc. 18).

1

## II. LEGAL STANDARD

District courts have discretion when deciding whether to enter a default judgment pursuant to Rule 55(b) of the Federal Rules of Civil Procedure. *See Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001) (citing *Mason v. Lister,* 562 F.2d 343, 345 (5th Cir. 1977)). A plaintiff is "'not entitled to a default judgment as a matter of right, even where the defendant is technically in default.'" *Id.* (quoting *Ganther v. Ingle,* 75 F.3d 207, 212 (5th Cir. 1996)). The Fifth Circuit has explained that "even in the face of a technical default, such as when a party files its first responsive pleading late, a movant is not entitled to a default judgment as a matter of right." *Bloom v. Mem'l Hermann Hosp. Sys.*, 653 F. App'x 804, 805 (5th Cir. 2016) (citing *Ganther*, 75 F.3d at 212).

Courts favor trial on the merits. *Matter of Dierschke*, 975 F.2d 181, 183 (5th Cir. 1992) (citing *Bridoux v. E. Air Lines, Inc.*, 214 F.2d 207, 210 (D.C. Cir. 1954)). "Default judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations." *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989).

A party must follow specific steps to obtain a default judgment. *See New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). Rule 55(a) dictates that when a defendant has "failed to plead or otherwise defend" against a plaintiff seeking relief, and when "that failure is shown by affidavit or otherwise, the clerk must enter the [defendant's] default." Fed. R. Civ. P. 55(a). After the clerk enters the defendant's default, the plaintiff must apply to the court for a default judgment if the plaintiff's claim is not "for a sum certain or a sum that can be made certain by computation." Fed. R. Civ. P. 55(b)(1); Fed. R. Civ. P. 55(b)(2).

As a preliminary matter, courts must consider the appropriateness of granting a default judgment. *Bradley v. Hardy*, No. CV 23-446-JWD-SDJ, 2024 WL 3454973, at *1 (M.D. La. July 18, 2024) (deGravelles, J.) (citing *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998)). In determining the appropriateness of a default judgement, courts should consider:

> whether material issues of fact are at issue, whether there has been substantial prejudice, whether the grounds for default are clearly established, whether the default was caused by a good faith mistake or excusable neglect, the harshness of a default judgment, and whether the court would think itself obliged to set aside the default on the defendant's motion.

*Lindsey*, 161 F.3d at 893 (citing 10 Charles A. Wright et al., *Federal Practice & Procedure* § 2685 (2d ed. 1983)).

Next, if granting a default judgment is appropriate, a court will then "assess the merits of the plaintiff's claims and determine whether the plaintiff has a claim for relief." *Bradley*, 2024 WL 3454973, at *2 (citing *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975); *Hamdan v. Tiger Bros. Food Mart, Inc.*, No. CV 15-0412-BAJ-EWD, 2016 WL 1192679, at *2 (M.D. La. Mar. 22, 2016)).

A defendant may attempt to oppose a plaintiff's efforts to obtain a default judgment during this process. If a default has been entered against a defendant, the defendant should file a Rule 55(c) motion to set aside the entry of default. *See* Fed. R. Civ. P. 55(c); 10A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2696 (4th ed. 2024). However, if a default has been entered and a defendant has failed to file a Rule 55(c) motion, a court may treat an opposition to a motion for a default judgment as a motion to set aside the entry of a default. *United States v. One Parcel of Real Prop.*, 763 F.2d 181, 183 (5th Cir. 1985); 10A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2692 (4th ed. 2024) ("Illustratively, the federal courts often view opposition to a motion for the entry of a default judgment as a motion to

set aside the default, whether or not a formal motion under Rule 55(c) has been made."); *see also Meehan v. Snow*, 652 F.2d 274, 276 (2d Cir. 1981). "The court may set aside an entry of default for good cause[.]" Fed. R. Civ. P. 55(c). In evaluating whether good cause exists, "courts consider three non-exclusive factors: 'whether the default was willful, whether setting it aside would prejudice the adversary, and whether a meritorious defense is presented.'" *Koerner v. CMR Constr. & Roofing, L.L.C.*, 910 F.3d 221, 225 (5th Cir. 2018) (quoting *Lacy v. Sitel Corp.*, 227 F.3d 290, 292 (5th Cir. 2000)).

### III. DISCUSSION

#### a. Parties' Arguments

##### i. Plaintiff's *Motion for Default Judgment* (Doc. 15)

Durham requests that the Court enter a default judgment against Francis Southern pursuant to Federal Rule of Civil Procedure 55. (Doc. 15-1 at 1.) Plaintiff states that she filed her *Complaint* on April 22, 2024, and then served Defendant with the *Summons* and *Complaint* on July 19, 2024. (*Id.*) She asserts that Defendant failed to file an answer or responsive pleading to her complaint within the timeline provided by Federal Rule of Civil Procedure 12. (*Id.*) Rule 12 provides that "[u]nless another time is specified [by this rule] or a federal statute, the time for serving a responsive pleading is as follows: (A) A defendant must serve an answer: (i) within 21 days after being served with the summons and complaint; . . . ." (*Id.* (quoting Fed. R. Civ. P. 12) (alteration in *Motion for Default Judgment*).) Durham states that Francis Southern needed to submit its *Answer* by August 9, 2024, to comply with Rule 12 and that the Clerk of Court properly entered a default against Francis Southern on August 30, 2024, because Defendant failed to respond within 21 days after being served with the summons and complaint. (*Id.*)

Next, Durham points out that Defendant filed its *Answer* on September 13, 2024; however, Durham claims that the *Answer* is "invalid" and "ineffective" because it was filed "without obtaining permission from the court and outside the allowable time frame." (Doc. 15-1 at 2–3.) Plaintiff argues that the Clerk's entry of default procedurally extinguished Defendant's right to file an answer. (Doc. 15-1 at 2.) Plaintiff expounds that Defendant should have moved to set aside the entry of default before filing its *Answer*. (*Id.*)

Plaintiff avers that Fifth Circuit precedent requires that "'once the Clerk enters a default against a defendant pursuant to Federal Rule of Civil Procedure 55(a), that entry cuts off the defendant's right to file any document other than a motion to set aside the entry of default, pursuant to Federal Rule of Civil Procedure 55(c).'" (*Id.* (quoting *J & J Sports Prods. Inc. v. Kuo*, 2007 WL 4116209, at *2 (W.D. Tex. Nov. 15, 2007).) Furthermore, Plaintiff relies on *APD Tech, LLC v. Emeritus Equity Holdings, LLC*, No. CV H-16-0895, 2017 WL 11221251, at *2 (S.D. Tex. Aug. 8, 2017), *report and recommendation adopted*, No. 4:16-CV-0895, 2017 WL 11221245 (S.D. Tex. Nov. 2, 2017), in which the court stated that

> [u]nder Fed. R. Civ. P. 55(a), "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." This is what happened in this case. *See* Clerk's Entry of Default (Document No. 112.) Defendants' recourse, if any, is to seek to set aside the entry of default under Rule 55(c), which provides, "The court may set aside an entry of default for good cause". Nothing in Rule 55 allows Defendants, like Defendants Donald Kelly, Lynn Kelly and David Anchim in this case, to circumvent that rule and file untimely Answers in order to stave off a Default Judgment. The untimely Answers filed Defendants Donald Kelly, Lynn Kelly and David Anchim are therefore improper, *J&J Sports Productions v. Kuo*, No. EP-07-CA-075-FM, 2007 WL 4116209 at *2 (W.D. Tex. Nov. 15, 2007) ("Once the Clerk enters a default against a defendant pursuant to Federal Rule of Civil Procedure 55(a), that entry cuts off the defendant's right to file any document other than a motion to set aside the entry of default, pursuant to Federal Rule of Civil Procedure 55(c)."), and should be stricken.

(Doc. 15-1 at 2–3.)

Plaintiff concludes that granting her a default judgment is "[i]n the interest of justice and . . . promote[s] judicial efficiency." because Defendant "fail[ed] to comply with Federal Rules of Civil Procedure 12 and 55" (specifically subsections 55(a) and 55(c)), neglected to file a "valid" answer, and "unjustly delay[ed] the Plaintiff's right to a resolution[.]" (*Id.* at 3.)

### ii. Opposition to Motion for Default Judgment Filed by The Francis Southern Table & Bar, LLC (Doc. 18)

Francis Southern argues that Durham's motion for default judgment should be denied because the motion fails to comply with Rule 55(b)(2). (Doc. 18 at 1.) Francis Southern explains that Rule 55(a) of the Federal Rules of Civil Procedure requires the Clerk of Court to enter a party's default "'when a party against whom a judgement for affirmati[ve] relief is sought has filed [sic] to plead or otherwise defend, and that failure is shown by affidavit or otherwise.'" (*Id.* at 2–3 (quoting Fed. R. Civ. P. 55(a)).)

However, asserts Defendant, the Clerk of Court "may not enter a default judgment unless 'the plaintiff's claim is for a sum certain or a sum that can be made certain by computation.'" (*Id.* at 3 (quoting Fed. R. Civ. P. 55(b)(1)).) Defendant explains that Plaintiff's claim is not for a sum certain or a sum that can be made certain because Plaintiff's *Complaint* states that "'the exact nature and extent of Plaintiff's damages have yet to be calculated, and Plaintiff will seek leave of Court to amend this complaint to conform to proof at the time of trial.'" (*Id.* (quoting Doc. 1 at 13–14).) Next, Francis Southern contends that it "has appeared in this suit through undersigned counsel" and that Rule 55(b)(2) obliges this Court to hold a hearing prior to entering a default judgement. (*Id.*) Rule 55(b)(2) states:

> (2) *By the Court.* In all other cases, the party must apply to the court for a default judgment. A default judgment may be entered against a minor or incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared. If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be

> served with written notice of the application at least 7 days before the hearing. The court may conduct hearings or make referrals--preserving any federal statutory right to a jury trial--when, to enter or effectuate judgment, it needs to:
> (A) conduct an accounting;
> (B) determine the amount of damages;
> (C) establish the truth of any allegation by evidence; or
> (D) investigate any other matter.

Fed. R. Civ. P. 55(b)(2).

Additionally, Defendant concludes that Durham's *Complaint* "fail[s] to state claims upon which relief can be granted under the ADA or applicable federal and state law . . . and/or which are time-barred by the applicable statute(s) of limitation" and that Defendant's *Answer* raises "meritorious defenses to all of Durham's claims." (Doc. 18 at 3.)

### b. Applicable Law and Analysis

The Court favors trial on the merits, *Banks v. Kottemann L. Firm*, No. CV 19-375-JWD-EWD, 2021 WL 1227619, at *5 (M.D. La. Mar. 31, 2021) (deGravelles, J.) (citing *Dierschke*, 975 F.2d at 183), and, as a preliminary matter, analyzes the six *Lindsey* factors when considering the appropriateness of granting a default judgment, *see Lindsey*, 161 F.3d at 893. The six factors are:

> whether material issues of fact are at issue, whether there has been substantial prejudice, whether the grounds for default are clearly established, whether the default was caused by a good faith mistake or excusable neglect, the harshness of a default judgment, and whether the court would think itself obliged to set aside the default on the defendant's motion.

*Id.* Furthermore, if doubt exists whether to enter a default judgment, the Court will favor trial on the merits. *Davis v. Parkhill-Goodloe Co.*, 302 F.2d 489, 495 (5th Cir. 1962).

Although some of the *Lindsey* factors may favor granting Plaintiff's motion for default judgment, the totality of the circumstances outweighs granting the motion. Supporting Plaintiff's position, there are no material facts at issue (except for damages) because Defendant "by his default, admits the plaintiff's well-pleaded allegations of fact[.]" *Nishimatsu*, 515 F.2d at 1206; *see*

7

*also Ohio Cent. R. R. Co. v. Central Trust Co.*, 133 U.S. 83, 91 (1890). Francis Southern defaulted when it failed to file a timely answer. (Doc. 11.) Second, the grounds for this default were properly established when, after Defendant failed to file a timely answer, Plaintiff filed a proper Rule 55(a) motion. (Doc. 10.) Furthermore, the Defendant has not explained to this Court the reason why it untimely filed its *Answer* which resulted in its default.

However, in Defendant's favor, there is no evidence to suggest substantial prejudice will result if Francis Southern is allowed to defend the suit on the merits. Second, "[d]efault judgments are a drastic remedy . . . resorted to by courts only in extreme situations." *Sun Bank of Ocala*, 874 F.2d at 276. Moreover, granting a default judgment may result in substantial damages being awarded against Defendant. The exact amount of damages requested by Plaintiff is unknown. (*See* Doc. 1 at 13 ("[T]he exact nature and extent of Plaintiff's damages have yet to be calculated[.]").) Under these circumstances, doubt exists as to whether granting default judgment is appropriate, *see Davis*, 302 F.2d at 495, and therefore the Court will deny Plaintiff's motion. Since granting default judgment is not appropriate, assessing the merits of Plaintiff's claims for relief is not necessary for the purposes of this ruling.

Furthermore, because the Court treats Defendant's opposition to Plaintiff's motion for default judgement as a Rule 55(c) motion, the Clerk of Court's entry of default is vacated. The Court may treat an opposition to a motion for a default judgment as a motion to set aside an entry of a default. *See Meehan*, 652 F.2d at 276 (2d Cir. 1981); 10A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2692 (4th ed. 2024) ("Illustratively, the federal courts often view opposition to a motion for the entry of default judgment as a motion to set aside the default, whether or not a formal motion under Rule 55(c) has been made."); *see also One Parcel of Real Prop.*, 763 F.2d at 183 (5th Cir. 1985). The Court will therefore treat Defendant's

opposition to Plaintiff's motion for a default judgment as a motion to set aside the entry of a default because of its intended procedural function. *See Meehan*, 652 F.2d at 276 (2d Cir. 1981); 10A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2692 (4th ed. 2024); *see also One Parcel of Real Prop.*, 763 F.2d at 183 (5th Cir. 1985). "The court may set aside an entry of default for good cause[.]" Fed. R. Civ. P. 55(c).

In evaluating whether good cause exists, "courts consider three non-exclusive factors: 'whether the default was willful, whether setting it aside would prejudice the adversary, and whether a meritorious defense is presented.'" *Koerner*, 910 F.3d at 225 (quoting *Lacy*, 227 F.3d at 292). Finding good cause is a determination "informed by equitable principles." *Dierschke*, 975 F.2d at 184. "A *willful default* is an 'intentional failure' to respond to litigation." *In re OCA, Inc.*, 551 F.3d 359, 371 n.32 (5th Cir. 2008) (quoting *Lacy*, 227 F.3d at 292) (citation omitted). There is no evidence suggesting that Francis Southern intentionally defaulted. In fact, Francis Southern filed its answer to Plaintiff's complaint less than a month late. (Doc. 12.) Furthermore, Francis Southern's late *Answer* presents defenses to the merits of Plaintiff's claims. (*Id.*)

Plaintiff's argument that Defendant's late answer is "invalid" and should be stricken by this Court is unconvincing. Rule 12(f) provides that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Striking a pleading "is a drastic remedy to be resorted to only when required for the purposes of justice" and "should be granted only when the pleading to be stricken has no possible relation to the controversy" *Augustus v. Bd. of Pub. Instruction of Escambia Cnty., Fla.*, 306 F.2d 862, 868 (5th Cir. 1962) (quoting *Brown & Williamson Tobacco Corp. v. United States*, 201 F.2d 819, 822 (6th Cir. 1953)). The Fifth Circuit has explained that:

> [a] disputed question of fact cannot be decided on motion to strike. It is true, also, that when there is no showing of prejudicial harm to the moving party, the courts

9

> generally are not willing to determine disputed and substantial questions of law upon a motion to strike. Under such circumstances, the court may properly, and we think should, defer action on the motion and leave the sufficiency of the allegations for determination on the merits.

*Id.* (citations omitted). Francis Southern's answer relates to the controversy because it presents defenses to the merits of Plaintiff's claims. (*See* Doc. 12.)

Finally, setting aside the default will not prejudice Plaintiff. Plaintiff alleges that her "right to a resolution" has been unjustly delayed. (Doc. 15-1 at 3.) However, this Court is permitted to consider "whether 'the defendant acted expeditiously to correct the default.'" *Lacy*, 227 F.3d at 292 (quoting *Dierschke*, 975 F.2d at 184). The Clerk of Court entered Defendant's default on August 30, 2024. (Doc. 11.) Defendant attempted to remedy the situation by filing a late answer on September 13, 2024, less than two weeks later. (Doc. 12.) The Court's ruling should not be taken as an endorsement of Defendant's failure to file its Answer in a timely manner; however, the Court vacates the entry of default because "good cause" exists.

### IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that the *Motion for Default Against Defendant* (Doc. 15) filed by Plaintiff Kristen Durham is **DENIED** and that the Clerk of Court's entry of default against Defendant Francis Southern is **VACATED**.

Signed in Baton Rouge, Louisiana, on June 2, 2025.

_____
**JUDGE JOHN W. deGRAVELLES**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**